## Thomas D. Wilcoxon v. Francis A. Read.

1. HUSBAND AND WIFE—*What Are Not Necessaries in Amount Unsuited to the Husband's Condition in Life.*—Where a husband had a homestead worth $5.000, and the furniture therein, and owned 480 acres of other land subject to the life estate of an aged woman who lived with him, he receiving the income of the farm for supporting her, and the husband also owned an undivided half of a large amount of live stock, a bill of $47.50 for underwear and other articles for his wife's use is not, as to the amount, unsuited to the husband's condition in life.

2. SAME—*Recovery for Necessaries Suited to the Condition in Life of.*—In a suit by a merchant against a husband to recover for underwear and other articles for woman's use and wear, sold and delivered to defendant's wife, who was at the time living with him in his home, proof that she was destitute of the articles purchased, or that she had such articles but they were worn out and out of repair, and that she did not have the money with which to buy them, and that her husband had not furnished her the money, authorizes a recovery by plaintiff where the articles are suited to the condition in life of the husband and wife.

3. SAME—*Competency of the Wife as a Witness Where the Cause of Action Grows out of the Neglect of the Husband to Furnish the Wife with Suitable Support.*—While the wife is generally incompetent to testify for or against her husband as to a transaction occurring during the marriage, the statute makes an exception where the cause of action grows out of the neglect of the husband to furnish the wife with suitable support.

4. APPELLATE COURT PRACTICE—*When the Admission of Books of Account Can Not be Questioned on Appeal.*—Where books of account are offered in evidence and specific objections are made which do not question the foundation laid for their introduction, the party against whom they are introduced can not be heard on appeal to question the foundation laid therefor.

5. SAME—*When the Judgment Will Not be Reversed Because Books of Account Were Improperly Admitted.*—Even if books of account are improperly admitted, the judgment will not be reversed where the items of the account and the sale and delivery of all the goods, the prices, and the correctness of the prices, are proved by oral testimony.

Assumpsit, for goods sold and delivered. Appeal from the Circuit Court of Stephenson County; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed February 13, 1901. Rehearing denied April 4, 1901.

H. F. WILCOXON and BURCHARD & BURRELL, attorneys for appellant.

J. A. CRAIN, attorney for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

This was a suit by appellee against appellant to recover the price of underwear, hosiery, handkerchiefs, gloves, and other articles for woman's use and wear, sold and delivered by appellee to appellant's wife, who was at the time living with appellant in his home. Appellee recovered $68.07 before a justice of the peace and appellant appealed to the Circuit Court, where appellee again recovered a verdict for $68.07, but was by the court required to remit $20.17, and had judgment for $47.90, from which this appeal is prosecuted.

1. We consider the main question is whether the goods were necessary for the wife, considering the condition of her clothing and the station of life of her husband and herself. Her husband had a homestead in town worth $5,000, with the furniture therein. He also owned 480 acres of farm land, subject to the life estate of an aged aunt who lived with him, he receiving the income of the farm and supporting her. He owned an undivided one-half of a large amount of live stock on the farm. All these matters are to be considered in determining whether the articles she bought were necessaries and suitable to her condition in life. A few of the articles she bought to give away as presents, and they were so given away to her husband and sons and other relatives and friends. The reduction the court required from the amount of the verdict amply covered all such items and all other items the necessity for which was at all questionable, and excluded them from the judgment. The testimony of the wife showed her destitute as to the other articles she purchased; that she had such articles, but they were worn out, out of repair, etc.; and that she did not have the money with which to buy them, and that her husband had not furnished her the money. Certain women testified for defendant that they had seen the wife's wardrobe, and they gave the number she had of each item of underwear, etc. It did not clearly appear in all cases whether

Wilcoxon v. Read.

they were testifying of her wardrobe before or after these purchases, but they did not contradict her testimony that what she had before these purchases were made was worn out, out of repair, etc.   We deem it unnecessary to detail the evidence, but conclude the jury were warranted in finding the articles (except the presents) were necessaries.   The wife was placed in a delicate position when she was compelled to describe to a jury the condition of each article of her underwear -by name and in minute detail, in order to demonstrate the absolute necessity to have the old replaced, and we do not think plaintiff was required to press these inquiries further than he did.

2.   It is urged the wife was not a competent witness against her husband.   Section 5 of our statute in relation to evidence in civil cases makes husband and wife generally incompetent to testify for or against each other as to any transaction occurring during marriage.   But it contains several exceptions, one of which is where the cause of action grows out of the neglect of the husband to furnish the wife with a suitable support.   Under this we hold the wife was competent, and the court below was careful to restrict her testimony within the limits allowed by this exception.

3.   It is argued a sufficient foundation was not laid for the admission of appellee's original books of account; that objection was not made to them when offered and admitted. The objections made were specific and not general, and did not question the foundation laid for their introduction. Moreover, when plaintiff sought to prove they were just and true, defendant objected, and heard the court, in sustaining the objection, say that had already been proved, and defendant did not question that statement, but allowed the ruling in his favor on that ground to stand unquestioned.   Moreover, the items of the account, and the sale and delivery of all the goods, and the prices and correctness of the prices, were fully proved by oral testimony.

4.   There is evidence tending to show that before these goods were bought defendant requested or ordered plaintiff not to sell goods to defendant's wife and charge them to

defendant, and that plaintiff said "All right." This did not amount to a contract by plaintiff not to sell goods thereafter to defendant's wife on defendant's account, for there was no consideration. Defendant could not by such a declaration relieve himself of the duty to supply necessaries for his wife. What the plaintiff then said could not apply to a situation which arose afterward. When the wife afterward needed goods and applied to plaintiff to supply them he had a right to do so. If the goods were in fact necessaries, the husband was liable for them. The proof showed that some time before these goods were bought the wife had bought goods at other stores. It is claimed that the husband had the right to select the store or stores at which his wife might buy goods on his credit. It was not shown that the husband had made any such selection, nor that at the time the goods in question were needed the wife could get goods on her husband's credit at any other store. There was a conflict of evidence as to whether the goods were sold by plaintiff on the credit of the husband or of the wife. The goods were charged by plaintiff to the husband, and the jury have determined the question for plaintiff. There were various other questions of fact arising out of conflicting evidence, of which we deem it only necessary to say that we have considered the entire testimony, and do not feel warranted in disturbing the conclusion of the jury, approved by the trial judge.

The judgment is affirmed.